# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| PHYLLIS SAXON, SANDRA IVERSON, THE METLEN HOTEL, and OLD WEST SALOON, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF DILLON, MONTANA, a body politic, DILLON POLICE CHIEF PAUL CRAFT, in his individual and official capacity, DILLON POLICE CHIEF DONALD GUIBERSON, in his individual and official capacity, and OFFICER JOSEPH HORROCKS, in his individual and official capacity and JOHN DOES 1-X,<br><br>Defendants. | No. CV 19-16-BU-SEH<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties having filed their notices[1] of acceptance and approval of the

Court's revisions to the amended stipulated protective order re: confidential

documents,[2]

---

[1] Docs. 25 and 28.

[2] Doc. 23.

ORDERED:

1. The scope of discovery in this matter includes information and documents which are confidential and private and may be entitled to protection from disclosure.

2. The parties stipulate and agree:

   a. Documents or other information believed to be private and confidential shall be marked or identified as "confidential" prior to any dissemination of the information or documents in this action.

   b. No party, attorney or representatives shall publicly disseminate the above-described confidential information and documents except as provided in this Order.

   c. Upon request and within 30 days of the entry of a final non-appealable order in this case, the originals and all copies of the confidential information or documents shall be returned to the producing party or, alternatively, the receiving party shall certify in writing that all copies of the confidential information or documents have been destroyed.

3. The designated information or documents, including copies, shall not be disseminated except to the following:

    a. One copy to each party through counsel of record.

    b. Each counsel or co-counsel of record and staff of counsel of record shall have access to the confidential documents as may be necessary in this litigation in the judgment of that counsel.

    c. A copy may be provided by counsel of record to any expert witness, or to any consulting expert, who reasonably has need for it.

    d. Any person whose testimony is taken or is to be taken in this litigation during his or her testimony and in preparation therefor if the documents are relevant and necessary to the witness's potential testimony.

    e. The Court and its personnel.

4. Filing of documents subject to a protective order shall require a motion for leave to redact and be conducted in compliance with L.R. 26.4(b)(2). No redacted document shall be considered by the Court or relied upon by any party absent an order of Court so permitting.

5. The parties understand that all documents relied upon by the Court in resolving any issue before the Court, including documents redacted, will be unredacted and made public contemporaneously with the Court's ruling on the issue.

6. If a dispute arises as to whether a particular document is confidential, or as to any other disputed matter relating to this Protective Order, the party or attorneys contending the document is confidential, may, after attempting and failing to resolve the dispute among counsel, file a motion to enforce the terms and conditions of the Protective Order. Any such document shall be treated as confidential until a court order determining otherwise is obtained.

7. The designation of a document as confidential does not create any presumption with regard to actual confidentiality of any document, nor does it affect the burden of proof necessary for obtaining a further order from the Court freeing the material in question from designation as confidential or a further restricting of its use. If the party asserting confidentiality does not file a motion to determine confidentiality of documents within 30 days of written notice of a dispute regarding the confidentiality of those documents, then those documents will not be considered confidential nor treated as such.

8. This Protective Order may only be amended by: (a) order of the Court following a stipulated motion signed by counsel for all parties to this litigation and filed with the Court; or (b) further order of this Court.

DATED this 21st day of October, 2019.

*/s/ Sam E Haddon*
SAM E. HADDON
United States District Judge