IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PHYLLIS SAXON, SANDRA IVERSON, THE METLEN HOTEL, and OLD WEST SALOON, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF DILLON, MONTANA, a body politic, DILLON POLICE CHIEF PAUL CRAFT, in his individual and official capacity, DILLON POLICE CHIEF DONALD GUIBERSON, in his individual and official capacity, and OFFICER JOSEPH HORROCKS, in his individual and official capacity and JOHN DOES 1-X, <br><br> Defendants. | No. CV 19-16-BU-SEH <br><br> **ORDER** |

On October 28, 2019, the Court issued its Amended Order,[1] which recited, in part:

> 7. Expert reports for any witness retained or specially employed to provide expert testimony, or whose duties as an employee of a party involve giving expert testimony, are required. Such reports shall comply with Fed. R. Civ. P. 26(a)(2)(B) and the requirements of this Order and are to include:

---

[1] Doc. 31.

a. A separate statement of each opinion to be offered.

b. Specific identification of and source citations to facts or data considered, referenced, or relied upon by the witness in forming each of the opinions expressed. *Copies of all documents and data considered, referenced, or relied upon shall be attached as exhibits to the report when filed.*

c. A separate statement of the bases and reasons for each of the opinions.[2]

. . .

8. Separate written disclosures of all non-retained experts (expert witnesses not obliged to provide a Fed. R. Civ. P. 26(a)(2)(B) written report) are required. Such disclosures must address and include all information required by Fed. R. Civ. P. 26(a)(2)(A) and (C) and shall include:

a. A separate statement of each opinion to be offered.

b. Specific identification of and source citations to facts or data considered, referenced, or relied upon by the witness in forming the each of the opinions expressed. *Copies of all documents and data considered, referenced, or relied upon shall be attached as exhibits to the written disclosure when filed.*

c. A separate statement of the bases and reasons for each of the opinions.[3]

---

[2] Doc. 31 at 5–6 (emphasis added).

[3] Doc. 31 at 6–7 (emphasis added).

The Stipulated Protective Order[4] entered into between the parties recited, in part:

> 4. Filing of documents subject to a protective order shall require a motion for leave to redact and be conducted in compliance with L.R. 26.4(b)(2). No redacted document shall be considered by the Court or relied upon by any party absent an order of Court so permitting.
> 5. The parties understand that all documents relied upon by the Court in resolving any issue before the Court, including documents redacted, will be unredacted and made public contemporaneously with the Court's ruling on the issue.[5]

The Fed. R. Civ. P. 26(a)(2)(A), (B), and (C) disclosures filed on December 19, 2019,[6] January 17, 2020,[7] and January 20, 2020,[8] did not include as attachments "Copies of all documents and data considered, referenced, or relied upon . . ."[9] by expert witnesses in forming opinions expressed, as required by the Court's October 28, 2019, Amended Order.[10]

---

[4] Doc. 29.

[5] Doc. 29 at 3–4.

[6] *See* Doc. 37.

[7] *See* Doc. 38.

[8] *See* Doc. 39.

[9] Doc. 31 at 6–7.

[10] Doc. 31.

On January 16, 2020, the Court held a telephone conference with counsel to discuss the attachment to expert disclosures of documents considered confidential as required by the Court's Amended Order.[11] The Court also directed the parties to identify any documents relied upon by expert witnesses that the parties sought to remain confidential and file a list of those documents.

On January 31, 2020, Defendants filed a Joint Notice Regarding Confidential Documents Reviewed by Experts.[12] Attached to the notice was a list of "documents produced by Defendants in discovery pursuant to the Court-approved Stipulated Protective Order."[13] The parties did not supplement the expert witness disclosures with "Copies of all [non-confidential] documents and data considered, referenced, or relied upon . . . ."[14]

ORDERED:

1. The parties shall file amended expert witness disclosures, including as attachments "Copies of all documents and data considered, referenced, or relied upon . . ."[15] that are not considered confidential, on or before February 14, 2020.

---

[11] Doc. 31.

[12] Doc. 43.

[13] Doc. 43 at 2.

[14] Doc. 31 at 6–7.

[15] Doc. 31 at 6–7.

2. The parties shall identify and file on or before February 14, 2020, redacted "Copies of all documents and data considered, referenced, or relied upon . . ."[16] by expert witnesses that are considered confidential and subject to the Stipulated Protective Order.[17]

DATED this 7th day of February 2020.

/s/ Sam E. Haddon
SAM E. HADDON
United States District Judge

---

[16] Doc. 31 at 6–7.

[17] Doc. 29.