# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

PHYLLIS SAXON, SANDRA
IVERSON, and OLD WEST
SALOON, LLC,

       Plaintiffs,

vs.

CITY OF DILLON, MONTANA,  a
body politic, DILLON POLICE
CHIEF PAUL CRAFT, in his
individual and official capacity,
DILLON POLICE CHIEF DONALD
GUIBERSON, in his individual and
official capacity, and OFFICER
JOSEPH HORROCKS, in his
individual and official capacity and
JOHN DOES 1-X,

       Defendants.

No.  CV 19-16-BU-SEH

**MEMORANDUM AND
ORDER**

## INTRODUCTION AND BACKGROUND

Pending before the Court is Defendant Officer Joe Horrocks' Motion for

Judgment on the Pleadings.[1] The motion is opposed.[2]

---

[1] Doc. 54.

[2] *See* Doc. 54 at 2.

This case was commenced on March 29, 2019, by Plaintiffs Phyllis Saxon, Sandra Iverson, The Metlen Hotel, and Old West Saloon, LLC[3] against the City of Dillon, Dillon Police Chief Paul Craft (in his individual and official capacity), Dillon Police Chief Donald Guiberson (in his individual and official capacity), and Officer Joseph Horrocks (in his individual and official capacity). The Second Amended Complaint and Demand for Jury Trial[4] was filed on October 18, 2019.

Six claims are asserted: Count I – Excessive Force (Defendants Horrocks, Craft, and Guiberson); Count II – Failure to Train or Supervise (Defendants Craft, Guiberson, and City of Dillon); Count III – Negligence (Defendant Horrocks); Count IV – Malicious Prosecution (All Defendants); Count V – Harassment – Tortious Interference with Business (All Defendants); and Count VI – Libel, Slander, and Defamation (Defendant Horrocks).[5]

On October 31, 2019, Defendant Horrocks answered[6] the Second Amended Complaint. Horrocks' Motion for Judgment on the Pleadings,[7] as to Counts III, IV, and V, was filed on March 3, 2020.

---

[3] "The Metlen Hotel" is no longer a plaintiff. *See* Doc. 27.

[4] Doc. 27.

[5] *See* Doc. 27 at 14–21.

[6] *See* Doc. 33.

[7] Doc. 54.

Grounds for the motion are stated as: "1) Plaintiffs' claims against [Horrocks] in his official capacity as a Dillon Police Officer are superfluous to [ ] Plaintiffs' claims against Defendant City of Dillon and must be dismissed; and 2) Horrocks is statutorily immune from liability regarding all of [ ] Plaintiffs' state law claims for alleged acts committed in the course and scope of his employment with the City of Dillon pursuant to Mont. Code Ann. § 2–9–305."[8] Plaintiffs responded on April 17, 2020.[9] Horrocks replied on April 21, 2020.[10] The Court conducted a hearing on the motion on May 19, 2020.

## LEGAL STANDARD

A Rule 12(c) motion for judgment on the pleadings filed after answer is the functional equivalent of a Rule 12(b)(6) motion to dismiss for failure to state a claim.[11] Accordingly, the Court must "inquire whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief."[12]

---

[8] Doc. 55 at 2.

[9] See Doc. 65.

[10] See Doc. 67.

[11] See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n. 4 (9th Cir. 2011) (citing Dworkin v. Hustler Mag. Inc., 867 F.2d 1188, 1192 (9th Cir. 1989)).

[12] Cafasso, U.S. ex rel., 637 F.3d at 1054 (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

A facially plausible complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] Allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences are not required to be accepted as true.[14]

In addressing a motion for judgment on the pleadings, the Court may consider: facts alleged in the pleadings, documents incorporated by reference in the complaint, or matters of judicial notice.[15] If matters outside the pleadings are considered, the motion is to be considered as one for summary judgment.[16] "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."[17]

/ / /

/ / /

---

[13] *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[14] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994)).

[15] *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002)).

[16] *See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citing Fed. R. Civ. P. 12(c)).

[17] *Hal Roach Studios, Inc.*, 896 F.2d at 1550 (citing *Doleman v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984)).

## DISCUSSION

Horrocks seeks judgment on the pleadings as to Counts III, IV, and V. Count III is pleaded solely against Horrocks.[18] Counts IV and V are pleaded against all defendants.[19] All claims against Horrocks relate to both his individual and official capacity.[20]

### A.      Official-capacity claims

Horrocks argues "claims against [him] in his official capacity as a City of Dillon police officer are superfluous to [Plaintiffs'] claims against Defendant City of Dillon, and must be dismissed with prejudice"[21] because an official-capacity suit is to be treated as a suit against the government entity, not against the official personally, and "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is . . . to be treated as a suit against the entity."[22]

In response, Plaintiffs argue that the Court should deny the motion because Horrocks' brief contains numerous disputed facts. Although Plaintiffs concede to

---

[18] *See* Doc. 27 at 17–18.

[19] *See* Doc. 27 at 18–20.

[20] *See* Doc. 27.

[21] Doc. 55 at 6.

[22] Doc. 55 at 5 (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

have sued Horrocks in both his individual and official capacity, they assert this fact is disputed by Horrocks in his answer.[23] The record does not support this assertion. Moreover, Plaintiffs concede that claims against Horrocks in his official capacity "represent only another way of pleading an action against [the entity, City of Dillon/Dillon Police Department]"[24] and that "Counts IV and V, which are pleaded against all Defendants, would become a claim against [the City of Dillon] in which [ ] Horrocks is subsumed."[25]

In a similar case, *Wagemann v. Robinson*,[26] Judge Christensen adopted Magistrate Judge Carolyn Ostby's Findings and Recommendations, which stated, *inter alia*:

> An official-capacity suit 'generally represent[s] only another way of pleading an action against an entity of which an officer is an agent' and is treated as a suit against the employing governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (internal quotation marks omitted). Because [the plaintiff] has named the City of Belgrade as a defendant, his official capacity claims against the police officers and Clark are superfluous and subject to summary dismissal on that basis.[27]

---

[23] *See* Doc. 65 at 5–6.

[24] Doc. 65 at 10 (quoting *Graham*, 473 U.S. at 165–66).

[25] Doc. 65 at 10.

[26] No. CV 13-78-BU-DLC-CSO, 2015 WL 3899226 (D. Mont. June 16, 2015).

[27] *Wagemann*, 2015 WL 3899226, at *18 (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

"[I]t is no longer necessary or proper to name as a defendant a particular local government officer acting in official capacity."[28] Plaintiffs have, however, provided no reason why the Court should override their choice of defendant as to Count III and substitute the City of Dillon for Horrocks as a defendant. Substitution will not be ordered. Counts IV and V, as asserted against Horrocks in his official capacity, are superfluous to the claims against the City of Dillon.[29] Therefore, Counts III, IV, and V, as asserted against Horrocks in his official capacity, are subject to dismissal.

## B.  Individual-capacity claims

Horrocks asserts statutory immunity under Mont. Code Ann. § 2–9–305.[30] He argues that the City of Dillon has acknowledged his alleged acts or omissions occurred within the course and scope of his employment as a law enforcement officer and "[a]s a result, [ ] Horrocks is statutorily immune from liability for all of [ ] Plaintiffs' state law claims against him arising out of alleged acts committed within the course and scope of his employment with the City of Dillon."[31]

---

[28] *Luke v. Abbott*, 954 F. Supp. 202, 204 (C.D. Cal. 1997).

[29] *See Wagemann*, 2015 WL 3899226, at *18.

[30] *See* Doc. 55 at 6.

[31] Doc. 55 at 6–7.

In response, Plaintiffs assert that Mont. Code Ann. § 2–9–305 does not provide Horrocks with immunity in Counts III, IV, and V because the exception articulated in Section 2–9–305(6)(b) applies,[32] that Horrocks' conduct "constitutes a criminal offense as defined in Title 45, Chapters 4 through 7 [assault, in violation of Mont. Code Ann. § 45–5–201],"[33] and therefore "any defense or indemnity by the employer" is negated.[34]

In reply, Horrocks argues "no judicial determination has been made that Horrocks' alleged conduct constitutes a criminal offense as defined in Title 45, chapters 4 through 7,"[35] and "[i]f a judicial determination has not been made applying the exclusions provided in subsection (6), the governmental entity employer may determine whether those exclusions apply."[36] Horrocks further argues "[i]t is undisputed that the City of Dillon has acknowledged that Horrocks' alleged conduct upon which Plaintiffs' state law claims are brought arises out of

---

[32] *See* Doc. 65 at 12–13.

[33] Doc. 65 at 12 (quoting Mont. Code Ann. § 2–9–305(6)(b)).

[34] Doc. 65 at 13 (citing *Estate of Ramirez by and Through Ramirez v. City of Billings*, No. CV 17-52-BLG-DWM, 2019 WL 366894, at *10 (D. Mont. Jan. 30, 2019)).

[35] Doc. 67 at 4 (citing Mont. Code Ann. § 2–9–305(6)(b)).

[36] Doc. 67 at 4 (quoting Mont. Code Ann. § 2–9–305(7)).

the course and scope of Horrocks' employment as a City of Dillon police

officer."[37]

Mont. Code Ann. § 2–9–305 provides:

> (5) In an action against a governmental entity, the
> employee whose conduct gave rise to the suit is immune
> from liability by reasons of the same subject matter if the
> governmental entity acknowledges or is bound by a judicial
> determination that the conduct upon which the claim is
> brought arises out of the course and scope of the
> employee's employment, unless the claim constitutes an
> exclusion provided in subsections (6)(b) through (6)(d).
>
> (6)      In a noncriminal action in which a governmental
> entity employee is a party defendant, the employee may not
> be defended or indemnified by the employer for any money
> judgments or legal expenses, including attorney fees, to
> which the employee may be subject as a result of the suit if
> a judicial determination is made that:
>          . . . .
> (b)      the conduct of the employee constitutes a criminal
> offense as defined in Title 45, chapters 4 through 7;
>          . . . .
> (7)      If a judicial determination has not been made
> applying the exclusions provided in subsection (6), the
> governmental entity employer may determine whether those
> exclusions apply. However, if there is a dispute as to
> whether the exclusions of subsection (6) apply and the
> governmental entity employer concludes that it should
> clarify its obligation to the employee arising under this
> section by commencing a declaratory judgment action or
> other legal action, the employer is obligated to provide a
> defense or assume the cost of the defense of the employee

---

[37] Doc. 67 at 4 (citing Docs. 6, 11, 15, 26, and 30).

until a final judgment is rendered in that action holding that the employer did not have an obligation to defend the employee.

"[T]he Montana Supreme Court has [ ] made clear that § 2–9–305(5) mitigates claims against individual employees for actions performed within the scope of their employment when a suit against the government entity arises out of the same subject matter."[38] "[W]here an action is brought against a [governmental entity] based on actionable conduct by an employee, the employee is immune from individual liability for the conduct if the [governmental entity] acknowledges that the conduct arose out of the course and scope of the employee's official duties."[39]

Here, the City of Dillon is named as a party defendant, and it is undisputed that Horrocks' alleged conduct was performed within the scope of his employment, as required by Mont. Code Ann. § 2–9–305(5).[40] Moreover, no judicial determination has been made that Horrocks' conduct constitutes a criminal offense as defined in the Montana Code.[41]

---

[38] *Estate of Ramirez*, 2019 WL 366894, at *9 (citing *Griffith v. Butte*, 244 P.3d 321, 335 (Mont. 2010)).

[39] *Ratcliff v. City of Red Lodge*, No. CV 12-79-BLG-DWM-JCL, 2014 WL 526709, at *12 (D. Mont. Jan. 10, 2014) (quoting *Kenyon v. Stillwater Cty.*, 835 P.2d 742, 745 (Mont. 1992)).

[40] *See* Docs. 27, 30, and 33.

[41] *See* Mont. Code Ann. § 2–9–305(7).

Thus, for Mont. Code Ann. § 2–9–305(6) to apply, as Plaintiffs argue, the City of Dillon must have determined that Horrocks' conduct "constitute[d] a criminal offense."[42] No such determination has been made by the City of Dillon, and no "declaratory judgment action or other legal action"[43] to clarify its obligations to Horrocks has been undertaken. Horrocks is statutorily immune from liability in his individual capacity as to Counts III, IV, and V.

ORDERED:

1.    Defendant Officer Joe Horrocks' Motion for Judgment on the Pleadings[44] as to Counts III, IV, and V is GRANTED.

2.    Claims pleaded against Horrocks in Counts III, IV, and V are DISMISSED.

DATED this 26th day of May, 2020.

SAM E. HADDON
United States District Judge

---

[42] Mont. Code Ann. § 2–9–305(6)(b).

[43] Mont. Code Ann. § 2–9–305(7).

[44] Doc. 54.