# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| PHYLLIS SAXON, SANDRA IVERSON, and OLD WEST SALOON, LLC,<br><br>                 Plaintiffs,<br><br>vs.<br><br>CITY OF DILLON, MONTANA, a body politic, DILLON POLICE CHIEF PAUL CRAFT, in his individual and official capacity, DILLON POLICE CHIEF DONALD GUIBERSON, in his individual and official capacity, and OFFICER JOSEPH HORROCKS, in his individual and official capacity and JOHN DOES 1-X,<br><br>                 Defendants. | No. CV 19-16-BU-SEH<br><br>**ORDER** |

    1.    On September 19, 2019, Defendant Officer Joe Horrocks ("Horrocks") filed his Preliminary Pre-trial Statement,[1] which:

        a.    Identified 15 persons as persons likely to have discoverable information that Horrocks may use in support of his claims or defenses;

        b.    Identified certain documents, electronically stored information, and tangible things as responsive to Horrocks'

---

[1] Doc. 12.

Fed. R. Civ. P. 26(a)(1)(A)(ii) obligation to provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses;"[2] and

c. Asserted that Horrocks "does not have primary possession, custody, or control of [any] documents, electronically stored information, and tangible things" responsive to Fed. R. Civ. P. 26(a)(1)(A)(ii).[3]

A list of "documents, electronically stored information, and tangible things" Horrocks believes to be "in the possession and control of the City of Dillon and/or its Police Department, as well as in the possession of Plaintiffs' attorneys"[4] is attached as "Exhibit A."

2. On September 23, 2019, Defendants City of Dillon, Paul Craft, and Donald Guiberson filed their Revised Preliminary Pretrial Statement,[5] which:

a. Identified 58 persons as persons likely to have discoverable information that Defendants may use in support of their claims or defenses; and

b. Identified certain documents, electronically stored information, and tangible things as responsive to Defendants' Fed. R. Civ. P. 26(a)(1)(A)(ii) obligation to

---

[2] Fed. R. Civ. P. 26(a)(1)(A)(ii).

[3] Doc. 12 at 14.

[4] Doc. 12 at 14.

[5] Doc. 15.

provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses."[6]

A list of "material documents, electronically stored information and tangible things" identified in the Revised Preliminary Pretrial Statement is attached as "Exhibit B."

To assist the Court and the parties in assuring that all good faith disclosure requirements of the Federal Rules of Civil Procedure have been met and are fully satisfied:

ORDERED:

1. Horrocks shall prepare and file a document log, to be designated as "Exhibit 1" and attached to Horrocks' response to this Order, identifying each and every document, item of electronically stored information, and tangible thing identified in "Exhibit A" attached. The document log shall include the date upon which the identity and subject matter or content of each document, item of electronically stored information, and tangible thing disclosed in "Exhibit A" became known to Horrocks.

---

[6] Fed. R. Civ. P. 26(a)(1)(A)(ii).

2. Horrocks shall identify by title and general description, each document, item of electronically stored information, or tangible thing: (a) known to him and in his possession, custody, or control; or (b) known to him but not in his possession, custody, or control, that he may use to support his claims or defenses asserted in this action, but not identified in "Exhibit A" attached, to be designated as "Exhibit 2" and attached to Horrocks' response to this Order. Each item identified in "Exhibit 2" shall include the date upon which the identity and subject matter or content of the document, item of electronically stored information, or tangible thing became known to Horrocks.

3. Defendants City of Dillon, Paul Craft, and Donald Guiberson shall prepare and file a document log, to be designated as "Exhibit 3" and attached to Defendants' response to this Order, identifying each and every document, item of electronically stored information, and tangible thing identified in "Exhibit B" attached. The document log shall include the date upon which the identity and subject matter or content of each document, item of electronically stored information, and tangible thing disclosed in "Exhibit B" became known to Defendants City of Dillon, Paul Craft, and Donald Guiberson.

4. Defendants City of Dillon, Paul Craft, and Donald Guiberson shall identify by title and general description, each document, item of electronically

stored information, or tangible thing: (a) known to them and in their possession, custody, or control; or (b) known to them but not in their possession, custody, or control, that they may use to support their claims or defenses asserted in this action, but not identified in "Exhibit B" attached, to be designated as "Exhibit 4" and attached to Defendants' response to this Order. Each item identified in "Exhibit 4" shall include the date upon which the identity and subject matter or content of the document, item of electronically stored information, or tangible thing became known to Defendants City of Dillon, Paul Craft, and Donald Guiberson.

5. True and accurate copies of all documents, electronically stored information, and tangible things to be identified in Horrocks' "Exhibit 1" and "Exhibit 2" and Defendants City of Dillon, Paul Craft, and Donald Guiberson's "Exhibit 3" and "Exhibit 4" shall be filed with the Court and served upon Plaintiffs on or before **August 17, 2020.**

DATED this 2nd day of August, 2020.

/s/ Sam E. Haddon
SAM E. HADDON
United States District Judge

# **EXHIBIT A**

- All records, reports, audio/video recordings, witness statements, and photographs created by or in the possession of the City of Dillon Police Department relating to the alleged incidents set forth in the Complaint;
- All medical and/or health care records of Plaintiffs Phyllis Saxon and Sandra Iverson relating to their claims of alleged injuries identified in the Complaint;
- All tax records, business records, and other documents relating to the Plaintiffs' claims of alleged damages identified in their Complaint;
- Any and all documents, electronically stored information, and other tangible things identified and/or produced by all other parties; and
- Any and all documents produced or discovered through the discovery phase of this matter.[7]

---

[7] *See* Doc. 12 at 14–15.

# **EXHIBIT B**

- Arrest Report – 216AR0000541;
- Case Report – 216CR0005402;
- Arrest Report – 217AR0000576;
- Case Report – 217CR0006385;
- Case Report – 218CR0001719;
- Arrest Report – 218AR0000218;
- Arrest Report – 2170000350;
- Case Report – 217CR0002013;
- Arrest Report – 214AR0000497;
- Case Report – 215CR0004705;
- Case Report – 216CR0001817;
- Surveillance Videos;
- Recorded witness interviews;
- Dispatch records; and
- City Police Department Policy and Procedure Manual.[8]

---

[8] *See* Doc. 15 at 29.