# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

PHYLLIS SAXON, SANDRA
IVERSON, and OLD WEST
SALOON, LLC,

                              Plaintiffs,

vs.

CITY OF DILLON, MONTANA,  a
body politic, DILLON POLICE
CHIEF PAUL CRAFT, in his
individual and official capacity,
DILLON POLICE CHIEF DONALD
GUIBERSON, in his individual and
official capacity, and OFFICER
JOSEPH HORROCKS, in his
individual and official capacity and
JOHN DOES 1-X,

                              Defendants.

No.  CV 19-16-BU-SEH

**ORDER**

Pending before the Court are Defendants City of Dillon, Dillon Police Chief

Donald Guiberson ("Guiberson"), and Dillon Police Chief Paul Craft's ("Craft")

Motion for Summary Judgment[1] and Defendant Officer Horrocks' ("Horrocks")

---

[1] Doc. 113.

Motion for Summary Judgment.[2] Both are opposed.[3]

Plaintiffs filed this action on March 29, 2019.[4] An Amended Complaint and Demand for Jury Trial[5] was filed on October 15, 2019. On October 18, 2019, a Second Amended Complaint and Demand for Jury Trial[6] ("Second Amended Complaint") was filed.

Six counts, asserting claims on behalf of the Plaintiffs, were pled in the Second Amended Complaint:[7]

> **Count I** – excessive force against Horrocks (Individual and Official Capacity), Craft (Individual and Official Capacity) and Guiberson (Individual and Official Capacity);[8]
>
> **Count II** – a failure to train or supervise against the City of Dillon, Craft (Individual and Official Capacity) and Guiberson (Individual and Official Capacity);[9]

---

[2] Doc. 115.

[3] Docs. 135 and 136.

[4] Doc. 1.

[5] Doc. 24.

[6] Doc. 27.

[7] Doc. 27.

[8] Doc. 27 at 14-15.

[9] Doc. 27 at 15-17.

-2-

Count III - negligence against Horrocks (Individual and Official Capacity);[10]

Count IV – malicious prosecution against Horrocks (Individual and Official Capacity); the City of Dillon, Craft (Individual and Official Capacity), and Guiberson (Individual and Official Capacity);[11]

Count V – harassment–tortious interference with business against Horrocks (Individual and Official Capacity); the City of Dillon, Craft (Individual and Official Capacity), and Guiberson (Individual and Official Capacity);[12] and

Count VI – defamation against Horrocks (Individual Capacity).[13]

On May 26, 2020, the Court ordered dismissal of Counts III, IV, and V against Horrocks in his individual and official capacities.[14] The remaining claims were:

Count I – excessive force against Horrocks (Individual and Official Capacity), Craft (Individual and Official Capacity) and Guiberson (Individual and Official Capacity);

---

[10] Doc. 27 at 17-18.

[11] Doc. 27 at 18-19.

[12] Doc. 27 at 19-20.

[13] Doc. 27 at 20-21.

[14] Doc. 83.

**Count II** – a failure to train or supervise against the City of Dillon, Craft (Individual and Official Capacity) and Guiberson (Individual and Official Capacity);

**Count IV** – malicious prosecution against the City of Dillon, Craft (Individual and Official Capacity), and Guiberson (Individual and Official Capacity);

**Count V** – harassment–tortious interference with business against the City of Dillon, Craft (Individual and Official Capacity), and Guiberson (Individual and Official Capacity); and

**Count VI** – defamation against Horrocks (Individual Capacity).

Upon the record made in open court on October 16, 2020,

ORDERED:

1. City of Dillon, Guiberson, and Craft's Motion for Summary Judgment[15] is GRANTED in PART and DENIED in PART.

Claims dismissed are:

**Count I** – excessive force against Craft (Individual and Official Capacity) and Guiberson (Individual and Official Capacity);

**Count II** – a failure to train or supervise against Craft (Individual and Official Capacity) and Guiberson (Official Capacity);

---

[15] Doc. 113.

-4-

**Count IV** – malicious prosecution against the City of Dillon, Craft (Individual and Official Capacity), and Guiberson (Individual and Official Capacity); and

**Count V** – harassment–tortious interference with business against the City of Dillon, Craft (Individual and Official Capacity), and Guiberson (Individual and Official Capacity).

2.     Horrocks' Motion for Summary Judgment[16] is GRANTED in PART and DENIED in PART.

Claims dismissed are:

**Count I** – excessive force against Horrocks (Official Capacity); and

**Count VI** – defamation against Horrocks (Individual Capacity).

3.     Remaining claims are:

**Count I** – excessive force against Horrocks (Individual Capacity); and

**Count II** – a failure to train or supervise against the City of Dillon and Guiberson (Individual Capacity).

4.     Plaintiffs and Defendants shall file briefs on or before October 23, 2020, directed to issues raised and presented by Defendants' assertions of immunity from suit and entitlement to dismissal on grounds of qualified immunity.

---

[16] Doc. 115.

Response briefs shall be filed on or before October 30, 2020. A hearing to address

qualified immunity issues will be set by further order of Court.

    5.    The October 30, 2020, deadline for submission of exhibits and the

proposed final pretrial order is VACATED to be reset by further order of Court.

    6.    Such other or additional hearing and proceeding as may be necessary

and appropriate to address and resolve pretrial issues will be set by further order of

Court.

    DATED this *19th* day of October, 2020.


                                SAM E. HADDON
                                United States District Judge