# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| PHYLLIS SAXON, SANDRA IVERSON, and OLD WEST SALOON, LLC,<br><br>                  Plaintiffs,<br><br>vs.<br><br>CITY OF DILLON, MONTANA, a body politic, DILLON POLICE CHIEF PAUL CRAFT, in his individual and official capacity, DILLON POLICE CHIEF DONALD GUIBERSON, in his individual and official capacity, and OFFICER JOSEPH HORROCKS, in his individual and official capacity and JOHN DOES 1-X,<br><br>                  Defendants. | No. CV 19-16-BU-SEH<br><br>**MEMORANDUM AND ORDER** |

## INTRODUCTION

The Court conducted a hearing on Defendants' summary judgment motions on October 16, 2020. Additional briefing on qualified immunity issues was ordered and has been filed.

## PROCEDURAL BACKGROUND

This action was commenced on March 29, 2019.[1] An amended complaint[2] and a second amended complaint[3] were filed.

Six counts were pled in the Second Amended Complaint:[4]

> **Count I** – excessive force against Horrocks (Individual and Official Capacity), Craft (Individual and Official Capacity) and Guiberson (Individual and Official Capacity);[5]
>
> **Count II** – a failure to train or supervise against the City of Dillon, Craft (Individual and Official Capacity) and Guiberson (Individual and Official Capacity);[6]

---

[1] Doc. 1.

[2] Doc. 24.

[3] Doc. 27.

[4] *See* Doc. 27.

[5] *See* Doc. 27 at 14-15.

[6] *See* Doc. 27 at 15-17.

> **Count III** - negligence against Horrocks (Individual and Official Capacity);[7]
>
> **Count IV** – malicious prosecution against Horrocks (Individual and Official Capacity); the City of Dillon, Craft (Individual and Official Capacity), and Guiberson (Individual and Official Capacity);[8]
>
> **Count V** – harassment–tortious interference with business against Horrocks (Individual and Official Capacity); the City of Dillon, Craft (Individual and Official Capacity), and Guiberson (Individual and Official Capacity);[9] and
>
> **Count VI** – defamation against Horrocks (Individual Capacity).[10]

Counts III, IV, and V against Horrocks in his individual and official capacities were dismissed on May 26, 2020.[11] Additional claims were dismissed at the October 16, 2020, hearing.[12] The remaining claims are:

---

[7] *See* Doc. 27 at 17-18.

[8] *See* Doc. 27 at 18-19.

[9] *See* Doc. 27 at 19-20.

[10] *See* Doc. 27 at 20-21.

[11] *See* Doc. 83.

[12] *See* Doc. 152 (Claims dismissed on October 16, 2020, were: Count I against Craft, Guiberson, and Horrocks in his Official Capacity; Count II against Craft and Guiberson in his Official Capacity; Count IV; Count V; and Count VI).

>**Count I** – excessive force against Horrocks (Individual Capacity); and
>
>**Count II** – a failure to train or supervise against the City of Dillon and Guiberson (Individual Capacity).

## **QUALIFIED IMMUNITY**

Upon further consideration of the record,[13] the Court has concluded no issues of material fact relevant to the qualified immunity privilege/defense remain. The issue is ripe for resolution.

"Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.' The privilege is '*an immunity from suit* rather than a mere defense to liability.'"[14] "[O]fficers are entitled to qualified immunity under [42 U.S.C.] § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'"[15] The "clearly established" prong of the defense is a question of law "that must ultimately be decided by a judge."[16] The district court has flexibility as to which

---

[13] *See* Second Am. Compl., Oct. 18, 2019, Doc. 27; Answer, Oct. 22, 2019, Doc. 30; Answer, Oct. 31, 2019, Doc. 33; Statement of Undisputed Facts, Aug. 14, 2020, Doc. 118; Statement of Disputed Facts, Sept. 4, 2020, Doc. 134; Tr., Oct. 16, 2020, Doc. 153.

[14] *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001) (*overruled* on other grounds) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

[15] *Dist. of Columbia v. Wesby*, __ U.S. __, __, 138 S. Ct. 577, 589 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).

[16] *Morales v. Fry*, 873 F.3d 817, 819 (9th Cir. 2017).

prong to tackle first.[17]

The Fourth Amendment protects against unreasonable or excessive force by law enforcement.[18] Established precedent "has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."[19] "[P]olice officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation."[20] "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."[21] An arrest made with probable cause does not violate an individual's Fourth Amendment right.[22]

The unlawfulness of conduct of an officer charged with unreasonable force

---

[17] *See Pearson v. Callahan*, 555 U.S. 223, 242 (2009).

[18] *Chaney v. Wadsworth*, 700 Fed. App'x 591, 593 (9th Cir. 2017) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

[19] *Graham*, 490 U.S. at 396 (citing *Terry v. Ohio*, 392 U.S. 1, 22-27 (1968)).

[20] *Graham*, 490 U.S. at 397.

[21] *Ames v. King County*, 846 F.3d 340, 348 (9th Cir. 2017) (quoting *Graham*, 490 U.S. at 396).

[22] *See Graham*, 490 U.S. at 396 (1989); *See also Beck v. Ohio*, 379 U.S. 89, 91 (1964); *Wesby*, 138 S. Ct. at 589.

must be "clearly established" at the time of the incident.[23] To be "clearly established," the law must be ""sufficiently clear" that every "reasonable official would understand what he is doing is unlawful.""[24] This high bar protects "'all but the plainly incompetent or those who knowingly violate the law.'"[25]

The contours of applicable law "must be so well defined that it is 'clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'"[26] Courts have been repeatedly urged to define the parameters of law with a high degree of specificity.[27] "A rule is too general if the unlawfulness of the officer's conduct 'does not follow immediately from the conclusion that [the rule] was firmly established.'"[28]

Specificity in the "clearly established" prong is "'especially important in the Fourth Amendment context.'"[29] Probable cause cannot be reduced to a precise

---

[23] *Wesby*, 138 S. Ct. at 589.

[24] *Wesby*, 138 S. Ct. at 589 (quoting *Anderson v. Creighton*, 483 U.S. 635 (1987)).

[25] *Wesby*, 138 S. Ct. at 589 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

[26] *Wesby*, 138 S. Ct. at 589 (quoting *Saucier*, 533 U.S. at 202 (*overruled* on other grounds)).

[27] See *Wesby*, 138 S. Ct. at 590.

[28] *Wesby*, 138 S. Ct. at 590 (quoting *Anderson*, 483 U.S. at 641).

[29] *Wesby*, 138 S. Ct. at 590 (quoting *Mullenix v. Luna*, 577 U.S. __, __, 135 S. Ct. 305, 309 (2015)).

definition and requires an "assessment of probabilities in particular factual contexts."[30] The Supreme Court has "stressed the need to 'identify a case where an officer under similar circumstances . . . was held to have violated the Fourth Amendment.'"[31] Failure by the charging party to identify a "controlling case or robust consensus of cases–finding a Fourth Amendment violation 'under similar circumstances'" or an "'obvious case' where a 'body of case law' is not needed" entitles an officer to qualified immunity.[32] [33] Moreover, the officer is entitled to qualified immunity in the absence of probable cause if he "'reasonably but mistakenly conclude[d] that probable case [wa]s present.'"[34]

### No Constitutional Violation by Officer Horrocks

An arrest made with probable cause does not violate an individual's Fourth Amendment right.[35] Horrocks had probable cause to arrest both Plaintiff Saxon and Plaintiff Iverson.

---

[30] *Wesby*, 138 S.Ct. at 590 (quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983)).

[31] *Wesby*, 138 S. Ct. at 590 (quoting *White v. Pauly*, 580 U.S. __, __, 137 S. Ct. 548, 552 (2017) (per curiam)).

[32] *Wesby*, 138 S. Ct. at 591 (quoting *Pauly*, 137 S. Ct. at 552).

[33] *Wesby*, 138 S. Ct. at 591 (quoting *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004) (per curiuam)).

[34] *Wesby*, 138 S. Ct. at 591 (quoting *Anderson*, 483 U.S. at 640-41).

[35] See *Graham*, 490 U.S. at 396; See also *Beck*, 379 U.S. at 91; *Wesby*, 138 S. Ct. at 589.

### No "Clearly Established" Law Identified as Violated by Horrocks

Failure by the injured party to identify a "controlling case or robust consensus of cases–finding a Fourth Amendment violation 'under similar circumstances'" or an "'obvious case' where a 'body of case law' is not needed" entitles an officer to qualified immunity.[36] [37] Such is the case here.

Plaintiffs failed to identify "a single precedent–much less a controlling case or robust consensus of cases–finding a Fourth Amendment violation 'under similar circumstances.'"[38] The "clearly established" prong has not been established.

### Conclusion

Plaintiffs have failed, on the record before the Court, to demonstrate a viable factual basis for a claim for an excessive force violation of the constitutional rights of either Plaintiff. Horrocks is entitled to judgment dismissing the excessive force claim by both Plaintiffs.

ORDERED:

1. Horrocks is entitled to qualified immunity as to the remaining claims asserted in Count I.

---

[36] *Wesby*, 138 S. Ct. at 591 (quoting *Pauly*, 137 S. Ct. at 552).

[37] *Wesby*, 138 S. Ct. at 591 (quoting *Brosseau*, 543 U.S. at 199).

[38] *Wesby*, 138 S. Ct. at 591 (quoting *Pauly*, 137 S. Ct. at 552).

2. **Count I** – excessive force against Horrocks (Individual Capacity) is DISMISSED.

DATED this 7th day of December, 2020.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge