# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| PHYLLIS SAXON, SANDRA IVERSON, and OLD WEST SALOON, LLC,<br><br>                     Plaintiffs,<br><br>vs.<br><br>CITY OF DILLON, MONTANA, a body politic, DILLON POLICE CHIEF PAUL CRAFT, in his individual and official capacity, DILLON POLICE CHIEF DONALD GUIBERSON, in his individual and official capacity, and OFFICER JOSEPH HORROCKS, in his individual and official capacity and JOHN DOES 1-X,<br><br>                     Defendants. | No. CV 19-16-BU-SEH<br><br>**ORDER** |

On December 7, 2020, the Court ordered briefing on the single remaining claim asserted in the Second Amended Complaint,[1] Count II – failure to train or supervise against the City of Dillon and Guiberson (Individual Capacity) – to

---

[1] Doc. 27 at 15-17.

address the question "of whether, in the absence of a claim for violation of a protected constitutional right, any claim for failure to train or supervise remains viable."[2] Both parties filed briefs as ordered.[3]

On December 7, 2020, the Court determined that:

> Officer Horrocks' actions and conduct giving rise to the claims of excessive force asserted in Count I did not, as a matter of law, support a viable claim by either Plaintiff to alleged violations of a constitutional right to protection from excessive force.[4]

The excessive force constitutional right violations claimed by the Plaintiffs were dismissed.[5] In the absence of a constitutional right violation, which did not occur, neither the City of Dillon nor Guiberson can be held liable under 42 U.S.C. § 1983.[6]

ORDERED:

1. **Count II** – a failure to train or supervise against the City of Dillon and Guiberson (Individual Capacity) – is DISMISSED.

---

[2] Doc. 170 at 2.

[3] *See* Docs. 177, 179, 182, and 183.

[4] Doc. 170 at 2.

[5] Doc. 169 at 9.

[6] *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *See also Smith v. City of Wyoming*, 821 F.3d 697, 707 (6th Cir. 2016).

The single remaining claim Count II having been dismissed,

FURTHER ORDERED:

2. Plaintiffs' First Amended Motion In Limine[7] is DENIED as moot;

3. Defendants' Joint Non-Expert Motion in Limine[8] is DENIED as moot;

4. Defendants' Joint Motion in Limine of on [sic] Plaintiffs' Experts[9] is DENIED as moot; and

5. Plaintiffs' motion denominated as "Plaintiffs' Amended Motion to Clarify Consolidation of Rulings Regarding Summary Judgment Into a Final Order for Purposes of Post-Judgment Motions and Appeal or, in the Alternative, Motion for Extension of Time to File Notice of Appeal Pending Final Resolution of Defendants' Motions for Summary Judgment"[10] is DENIED as moot.

DATED this 30th day of December, 2020.

/s/ Sam E. Haddon
SAM E. HADDON
United States District Judge

---

[7] Doc. 111.

[8] Doc. 119.

[9] Doc. 121.

[10] Doc. 175.